JOSEPH J. BODELL, PLAINTIFF-RESPONDENT, v. REAL SECURITIES INVESTMENT COMPANY, DEFENDANT-APPELLANT.

Submitted July 10, 1916—Decided November 20, 1916.

On appeal from the Supreme Court.

For the plaintiff-respondent, *Borden D. Whiting.*

For the defendant-appellant, *Howe & Davis.*

PER CURIAM.

This suit was one to recover damages for the conversion of goods by a landlord in derogation of the rights of a chattel mortgagee. In June, 1914, the tenant, Lambrose, executed a chattel mortgage to the plaintiff, Joseph J. Bodell, for $350, covering goods and chattels on the demised premises. Prior to that time several months' rent became due. In October, 1914, the landlord issued a distress warrant, and, under it, a constable sold all the right and interest of the tenant in and to the mortgaged chattels. The chattel mortgagee contended that the sale was made subject to his mortgage, and demand having been made on the defendant, the landlord, for possession of the goods, who refused to deliver them, the chattel mortgagee brought suit in the District Court of East Orange to recover damages for their conversion. There were no disputed facts. At the conclusion of the plaintiff's case the defendant moved for nonsuit, which was denied, and the court subsequently entered judgment in favor of the plaintiff and against the defendant for $350 damages, and costs. An appeal was taken to the Supreme Court which affirmed the judgment of the District Court for the reasons stated by the judge of that court in rendering his decision. The judgment of the Supreme Court has been appealed to this court.

In *Woodside* v. *Adams,* 40 *N. J. L.* 417, it was held by this court that the lien under a distress warrant relates to the time of actual seizure under the distress, and that the chattel mortgage there in question having been made and delivered before the distress warrant was executed, the right of the mortgagee was superior to that of the landlord. In this case some rent had accrued before the chattel mortgage was placed on record, but the distress warrant was not issued, and, consequently, was not executed until afterward.

The doctrine of Woodside *v.* Adams is dispositive of the question *sub judice.* As the chattel mortgage was executed and recorded prior to the issuance of, and levy under, the warrant of distress for rent, the chattel mortgagee is entitled to prevail, and the judgment must be affirmed.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, PARKER, BERGEN, MINTURN, KALISCH, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ.  12.

*For reversal*—None.